UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCINE MAURELLO,

                Plaintiff,

-vs-                                                              Case No. 2:10-cv-531-FtM-36SPC

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA. a foreign corporation,

                Defendant.

_____

**ORDER**

      This matter comes before the Court on The Defendant, The Prudential Insurance Company of America's Motion for ERISA Standard of Review (Doc. #21) filed on January 20, 2011. The Plaintiff Francine Maurello also filed her Memorandum on the ERISA Standard of Review (Doc. # 22) on January 20, 2011.

      The Eleventh Circuit Court of Appeals has established a "well-defined series of six steps" for district courts to follow in "reviewing a denial of benefits decision in an ERISA case." Richey v. Hartford Life & Accident Insurance Co., 608 F. Supp.2d 1306, 1309 -1310 (M.D. Fla. 2009) Glazer v. Reliance Standard Life Insurance Co., 524 F.3d 1241, 1246 (11th Cir.2008)). The court's inquiry begins with a review of the "plan documents to determine whether they grant the administrator discretion in making the benefit determinations." Richey, 608 F. Supp.2d at 1309 -1310. The court next performs an initial *de novo* review to determine whether the benefits decision was "wrong." Id. The court decides whether, based on the "record before the administrator at the time the decision was made," the court would have reached the same conclusion as the administrator.

Id. In the initial *de novo* review, the plaintiff "bears the burden of proving that she is disabled." Id. If the plaintiff's burden is unmet, then the administrator's decision was not "wrong," and the court ends its inquiry and enters summary judgment for the administrator. Id.

If the court concludes that the administrator's decision was "wrong," it then reviews the decision under the deferential "arbitrary and capricious standard." Doyle v. Liberty Life Assurance. Co. of Boston, 542 F.3d 1352, 1356 (11th Cir.2008). Under this standard, also referred to as an "abuse of discretion" standard, the court determines "whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." Id. at 1360. As long as the decision had a reasonable basis, it "must be upheld as not being arbitrary and capricious, even if there is evidence that would support a contrary conclusion." White v. Coca-Cola Co., 542 F.3d 848, 856 (11th Cir.2008) (citation omitted). If the "evidence is close," then the administrator did not abuse its discretion, and the requisite deference compels the affirmance of the administrator's decision. Doyle, 542 F.3d at 1363. Where an administrator is responsible for both deciding and paying benefits claims, the administrator has a conflict of interest that the court must weigh during the arbitrary and capricious review. Id. at 1359-1360.

The Defendant contends that the Court's standard of review in this instance is the arbitrary and capricious standard. As grounds, the Defendant states that the Summary Plan Description (SPD) clearly sets forth that the Defendant "has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." (Doc. # 21 Ex. A, p. D000665). The SPD further states that an individual is disabled when Prudential determines the individual is disabled. (Doc. # 21 Ex. A, p. D000665).

The Plaintiff only states that the modern standard for determining whether or not the Court's review in ERISA cases was set forth in Capone v. Aetna Life Insurance Co., 592 F.3d 1189 (11th Cir. 2010). In Capone, the Eleventh Circuit stated that the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious. See Cook v. Standard Life Insurance Co., 2010 WL 807443 * 7 (M.D. Fla. March 4, 2010) (discussing the arbitrary and capricious standard of review citing to Capone v. Aetna Life Insurance Co.). Thus, the Plaintiff does not appear to dispute the Defendant's standard of review.

This case falls under the category of ERISA cases involving a conflict of interest because the Defendant Prudential has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. See Keith v Prudential Insurance Co. of America, 347 Fed. Appx. 548, 549 (11th Cir. 2009)( holding that if the administrator's decision is de novo wrong and the administrator was vested with discretion in reviewing claims, then determine whether reasonable grounds supported it then the arbitrary and capricious standard should be applied.). Thus, the Court will make an initial *de novo* review of the record to determine if the administrator's decision was wrong, and if so the Court will apply the arbitrary and capricious standard of review.

Accordingly, it is now

**ORDERED:**

The Defendant, The Prudential Insurance Company of America's Motion for ERISA Standard of Review (Doc. #21) is **GRANTED**. The Court will make an initial *de novo* review of

the record to determine if the administrator's decision was wrong, and if so the Court will apply the arbitrary and capricious standard of review.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of January, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record